83,008-02

April. 22, 2015

Court Criminal Appeals
Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 28 2015
Abel Acosta, Clerk

Re: Cause No. 16,040-2001A
    Warren K. Rodgers
    vs.
    The State of Texas

Dear Clerk,

Please find enclosed Applicant's
Objection to Application for
Writ of Habeas Corpus.
Please fire and bring to the
attention of the Court.

Thank you very much for
your wonderful Service.

Yours truly,
    Warren K. Rodgers

Warren K. Rodgers : Court of Criminal
vs. : Appeals of Texas,
The State of Texas : Austin, Texas

Re: Cause No. 16,940-2001A

Applicant's objection to State's
Non-Performance to Application
for Writ of Habeas Corpus, 11.07 :

To the Honorable Judge of said court :
Now comes, Warren K. Rodgers,
Pro se, in the above-styled and
Numbered cause of action and files
this objection to State's Non-
Performance to Application for
Writ of Habeas Corpus.
And Applicant would show this
Honorable court the following :

I.
Applicant contends that he was
prosecuted for Murder within
one week, and without being
afforded an examining Trial
properly.

(Page. 1)

## II.

Applicant object to State failing to Reply to the Petition citing TEX. Code. Crim. Proc. Ann. art. 11.07 (2) (b). The court also failed to submit an written finding and WRITTEN OPINION to the Petition, as well as the State. Applicant objects to the NON-performance of the State and court. Applicant contends that the Trial court's failure to take action for more than (20) Days constituted a finding that there were NO CONTROVERTED PREVIOUSLY unResolved facts material to the legality of applicant's CONFINEMENT, TEX. Code. Crim. Proc. Ann. ARt. 11.07 (2) (cc). Applicant contends that the State and court's implicit finding was a clear abuse of discretion because all of the allegations in this Petition were material, and the Record contained nothing to show how they would Resolved, NO WRITTEN finding or Opinion.

( Page. 2 )

Applicant contends his main point to the Application was he submitted a Motion to the convicting court on, Dec.5, 2014, requesting for counsel to assist him with DNA testing of evidence containing biological Material, and the motion was accompanied by an affidavit. Applicant contends that the evidence was NOT PROPERLY tested. The State WITNESS BRDIN SLOAN, a forensic DNA Scientist explained that although it was NOT possible to obtain a DNA Match. (SEE, R.R.VOI, 8 at 120-23) and stated that the Hair was tested but was NOT certain who hair it was. (SEE, R.R.VOI. 8 at 113, 119) Applicant contend that, James A. Adams, a forensic chemist told Jurors that the hair found Underneath Applicant's van was human, but he could not identify it as Amanda's (Deceased). (See, R.R.VOI.7 at 208, 214) Applicant Request for DNA testing. and case Remand back.

(Page.3)

Applicant objects to trial court failing to appoint counsel to represent him after he filed motion for DNA testing on Dec. 5, 2014, which violated Applicant's substantial Rights. Appointment of counsel is Mandatory in a postconviction proceeding seeking DNA testing if the convicted person does two things: (1). Proves he is Indigent (2). Informs the court that he wishes to file a motion for DNA Testing.

Applicant contend that a DNA testing does not Require a person to make a prima facie case that he is entitled to DNA Testing before the Right to counsel. Attaches. See, Winter vs Tarrant county Criminal District court No. THREE, 118 S.W. 3d 773 (2003)

Applicant Request that this Honorable court should order the lower court to Appoint Applicant a counsel to assist him DNA Testing.
(Page. 4)

"Applicant ask this Honorable court to correct him, if he is wrong". but the right to counsel pursuant to statute governing DNA testing states: That a trial judge has a ministerial duty to appoint counsel for defendant in a proceeding for DNA testing once defendant requested counsel and showed that he was indigent. see, Rodriguez, 77 S.W. 3d 459, (2002)

Applicant contends also in this case a issue should be resolved/ develop in an affidavit. what Happen to Applicant wife ford tempo? who fingerprint was on the sparkplug and coil? Reason is the state failed to test Applicant wife ford tempo spark plug wire and coil to determine who fingerprint were on them. Another issue that needs development is the tire print was not a match. My tire print and the tire print at the crime was Different.

(page. 5)

Applicant contends that it was uncommon for investigator Kyle Henson to take Applicant's wife Ford Tempo and get rid of it after stating that he found that the spark plug wire and coil wire had been switched, preventing the car from starting. See, (R.R. vol.5 at 250-51; St Exhs, P. 61-69.)

It's clear that Joe Don McClenney a young mechanic man was hanging out in the Wal-mart lot waiting for some friend, he said. But No video was shown of who he was waiting on. Applicant contends that he could of switched the wire, just to get wife of Applicant in his truck, then kill her and accused Applicant of Murder. Investigator Kyle Henson and the mechanic man May be real suspects in this case?? who knows? Why Investigator did not included the ford tempo as evidence? This NEEDS TO be DEVELOP in Affidavit.
(Page 6)

Applicant contend that the Police Dept failed to checked to see what kind of cars the homeowner drove or whether he had recently crossed the tracks. (See, RR. Vol. 5 at 206-08; Vol. 6 at 87) This was Dep. William Burge testimony to the Jury. Applicant contends very strongly that he did not have the Proper investigation to this case. One week was not proper in a murder. Applicant is Requesting for these issues to be develop. Why Nobody check the home on the other side of the track? It would showed were the tracks was leading from or too.

Please correct me if I'm wrong!! Applicant Request for this case in Case No. 16,940-2001 A, to be remanded back for more Development.

PRAYER:

Applicant prays that this Honorable Court grants this Request in the interest of Justice.

(Page. 7)